UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAN 04 2005

FILED

2005 JAN 14 A 9:32

U.S. DISTRICT COURT
BRIDGEPORT, CONN

JEFFREY THOMAS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

NO. 3:03CV440(SRU)
    3:01CR179(SRU)

## REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

NOW COMES, Petitioner Jeffrey Thomas, Pro Se, hereby respectfully requesting that this Honorable Court (Honorable Stefan R. Underhill) take notice of the following adjudicative facts.

Defendant asserts that Rule 201 of the Federal Rules of Evidence states as follow:

**Rule 201. Judicial Notice of Adjudicative Facts**

    **(a) Scope of rule.** This rule governs only judicial notice of adjudicative facts.

    **(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

    **(c) When discretionary.** A court may take judicial notice, whether requested or not.

  **(d) When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

  **(e) Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

  **(f) Time of taking notice.** Judicial notice may be taken at any stage of the proceeding.

Defendant desires this Honorable Court to take notice of the recent decision made by the United States Supreme Court in <u>Blakely v. Washington</u>, 2004 WL 1406297, No. 02-1632 (June 24, 2004).

In Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 2004 WL 1402698 (2004), the United States Supreme Court held that a defendant's Sixth Amendment right to trial by jury had been violated when the defendant's sentence exceeded the standard-range sentence under the Washington state sentencing guidelines. The enhanced sentence was based on facts found by the judge, rather than admitted by the defendant or found by a jury. In Blakely, the defendant entered a guilty plea to second-degree kidnapping, admitted to domestic-violence, and to firearm allegations. The state sentencing guidelines for the offense of second-degree kidnapping provided a guideline range of 49 to 53 months. Blakely, 124 S.Ct. at 2535. However, the state sentencing guidelines allowed a judge to impose a sentence above the standard range for substantial and compelling reasons. Id. The trial judge found that the defendant had acted with "deli-

berate cruelty" and therefore imposed an exceptional sentence of 90 months - 37 months beyond the standard maximum. Id. at 2536. Blakely appealed, arguing the sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all of the facts legally essential to his sentence, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The Supreme Court agreed, holding that because the facts that supported Blakely's sentence were neither admitted by the defendant or found by a jury, the sentence violated his Sixth Amendment right to a trial by jury.

In arriving at that decision, the Blakely Court applied the rule expressed in Apprendi, supra: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. At 490. The government argued that Blakely's sentence did not violate Apprendi because it was less than the ten-year statutory maximum for that offense but this argument was rejected by the Supreme Court. The Court clarified that the "statutory maximum" for Apprendi purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." The Court noted, "the relevant 'statutory maximum' is **not** the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose **without** any additional findings. (Emphasis added). When a judge inflicts punishment that the jury's verdict alone

3

does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,'. . .and the judge exceeds his proper authority. "Blakely, supra, at 4. The Court reasoned that, because Washington law did not allow exceptional sentences based on factors already used in computing the standard Washington guideline range, the defendant was at most, subject to 53 months based on the facts admitted in his guilty plea. Id. at 2537. By finding the additional fact of "deliverate cruelty" - a fact "neither admitted by [defendant] nor found by a jury," -- the trial judge then usurped the jury's authority to find "all the facts which the law makes essential to the punishment." Id. The Washington Sentencing Guideline procedure violated the defendant's Sixth Amendment right to trial by jury, therefore, the Court invalidated the Blakely's sentence.

The Blakely Court dealt with the state of Washington's sentencing guidelines scheme, but it is also applicable to the present case. As Justice O'Connor's dissent notes: "the structure of the Federal Guidelines likewise does not, as the Government half-heartedly suggests, provide any grounds for distinction. Washington's scheme is almost identical to the upward departure regime established by 18 U.S.C. §3553(b) and implemented in USSG §5K 2.0. If anything, the structural difference that do exist make the Federal Guidelines more vulnerable to attack." Id @ 16.

The Federal sentencing structure is a statutory one and

4

is found at 18 U.S.C. §3553, where congress delegated to the United States Sentencing Commission, pursuant to 28 U.S.C. §993 and 994, the authority to enact the Guidelines. In Mistretta v. United States, 488 U.S. 361 (1989), the United States Supreme Court upheld the Sentencing Reform Act and Congress' delegation of power to the Sentencing Commission.

Footnote 9 of the majority opinion in Blakely, states that "The United States, as amicus curiae, urges us to affirm. It notes differences between Washington's sentencing regime and the Federal Sentencing Guidelines but questions whether those differences are constitutionally significant. . .The Federal Guidelines are not before us, and we express no opinion on them." The Solicitor General in his brief argued that there would be profound consequences on the Federal Guidelines if Apprendi was to be applied to any facts, other than the offense elements, that would increase a defendant's punishment. He further argued that if the Court was inclined to agree with Blakely then this would raise a serious question about "whether Apprendi applies to myriad factual determinations under the Guidelines."

Justice O'Connor expressed concern about the impact Blakely would have on the Federal Guidelines. According to Justice O'Connor, "Under the majority's approach, any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense. Thus, facts that historically have been taken into account by sentencing judges to assess a sentence within a broad range - such as drug quantity, role in the offense, risk of bodily harm - all must now be charged in an indictment

and submitted to a jury." Id at 13.

Blakely clearly states that a judge may not constitutionally impose a sentence beyond the statutory maximum permitted by the facts found by a jury or admitted by the defendant. The jury verdict alone - or the defendant's admission alone - "must authorize the sentence." Blakely at *5. Under the Federal Sentencing Guidelines, drug amounts, enhancements based on a specific offense characteristic, and upward departures all have the same effect - namely, they all increase the maximum permissible sentence. A court's reliance on such factors at sentencing, if not proven beyond a reasonable doubt, is therefore unconstitutional. Likewise, Defendant Thomas sentence is unconstitutional and must be vacated and remanded to the district court for resentencing without the enhancements.

In the instant case, the District Court infringed on defendant's Sixth Amendment Right to a jury trial by imposing a sentence of 262 months and 15 years supervised release which was based on facts neither pled by the defendant nor found true by a jury beyond a reasonable doubt.

Applying the teaching of Blakely to the case at hand, defendant had a right to have the jury determine the quantity of drugs in which he possessed.

Defendant Jeffrey Thomas pled guilty to conspiracy to possess with the intent to distribute 50 grams or more of a mixture of cocaine base or crack cocaine, for which the Statute prescribes a minimum sentence of ten years to life in prison.

At Sentencing the Judge adopted the probation officer report and found by a preponderance of the evidence that the quantity of cocaine base/crack cocaine involved was greater than 1.5 Kilograms, and that he was an organizer, leader, manager, or supervisor in criminal activity. Consequently, the additional quantity finding increased the base offense level from 32 to 38 and the organizer leader enhancement, placed "Thomas" in a sentencing range of 360 to life.

Subtract the judicial findings concerning the quantity of drugs and the supervisor, manager, leader role and the most the judge could have imposed would have been 262 months.

The records are clear that the defendant did not specify any drug amount other than the threshold amount of 50 grams and the indictment was silent as to a specific amount of cocaine base/crack cocaine.

At the plea hearing, the court conducted a colloquy to establish the factual basis for the plea. Thomas admitted to conduct only sufficient to sustain his plea but presented his involvement as minimal.

Furthermore, the District Court's determination of the defendant's criminal history score, and in particular, the court's designation of "Thomas" as a career offender, violate's his rights under the Fifth and Sixth Amendments as the facts giving rise to those determinations were not alleged in the indictment, found by a jury, or admitted by the defendant.

As applied to defendant's case, the sentence imposed by the district court violated his constitutional rights in two ways. Specifically, the calculation of Thomas's criminal history category and the determination that he qualified as a career offender violate Blakely and Apprendi because those determinations required the finding of facts that were not alleged in the indictment and were not found by a jury beyond a reasonable doubt or admitted by him at his plea hearing. Defendant recognizes that Blakely, in extending Apprendi to the Washington State sentencing guideline scheme, excepted "the fact of a prior conviction" from the rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Under the United States Sentencing Guidelines, however, a defendant receives criminal history points under Chapter Four based on numerous determinations that go well beyond the mere "fact of a prior conviction."

For example, in defendant's case, he received three (3) points for each conviction from 1993 and 1995 and an additional three (3) points for failing to appear, which was less than fifteen years before the instant offense. To arrive at those three (3) points, the probation officer had to determine the date of the commission of the offense leading to the conviction and whether "Thomas" was over or under age 18 at the time of the offense, as these are facts necessary to determine whether to apply U.S.S.G. §4A1.2(d), which covers juvenile offenses, as

8

opposed to the regular provisions in section 4A1.1(a)-(c). However, these are facts that are not necessarily included in a judgment of conviction. The officer also had to determine the age of the conviction (i.e., the date of entry) to determine if it fell within the time limits prescribed by section 4A1.2(d) or (e).

More importantly to this case, the probation officer had to determine the date that "Thomas" was released from imprisonment on the conviction to determine if it fell within those time limits. This is a fact that certainly would not be reflected in the judgment order. Thus, its use violates the rule of Blakely.

Finally, the probation officer had to determine the length of the sentence imposed in order to calculate points under section 4A1.1(a)-(c) or section 4A1.2(d). He had to make similar determinations as to Both convictions (including the failure to appear) for which he assessed points.

The probation officer also determined that "Thomas" qualified as a "career offender" under section 4B1.1 on the basis of both controlled substance distribution offenses. Section 4B1.1 sets a defendant's offense level and criminal history category at increased levels.

> if (1) the defendant was at least eightenn years old at the time the defendant commited the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

9

U.S.S.G. § 4B1.1(a). Like the criminal history score calculations, the determination that a defendant qualifies as a career offender requires several findings of fact that go well beyond the mere "fact of a prior conviction," as they are not reflected on the face of the judgment order for a particular conviction.

As applied to the defendant's case, most importantly the probationer had to determine that he was at least eighteen years old at the time of the instant offense. U.S.S.G. § 4B1.1 (a)(1). This Clearly has nothing to do with the fact of a prior conviction, and could not possibly be reflected in the judgement order.

Further, the probation officer had to determine that Thomas committed the instant offense after sustaining two convictions for crimes of violence or controlled substance offenses. Id. § 4B1.2(c). That is, he had to determine the dates that judgments for the prior convictions were entered and the date of the instant offense. As well, the officer had to determine that the prior convictions were for felony offenses. Id § 4B1.2, comment (n.1, ¶9). This involved determining whether the Defendant was deemed an adult at the time of conviction, specifically whether he was age 18 or older. It also involved determining that the prior conviction was for an offense punishable by more than one year of imprisonment.

Moreover, only prior convictions that receive points under the criminal history provisions can be used as prior convictions under section 4B1.1. Id. § 4B1.2(c). Therefore, as stated

10

above, the probation officer had to determine (1) the date of the commission of the offenses leading to the predicate convictions and whether the defendant was over or under age 18 at those times, (2) the date Thomas sustained the conviction, and (3) the date he was released from any sentence of imprisonment that was imposed.

In short, it is clear that the numerous factual determinations required to apply the Sentencing Guidelines' regular criminal history and career offender provisions in defendant's case make those provisions very different from the simple fact of conviction that was at issue in Almendarez-Torres. Because those determinations so permeate the determinations of Thomas's criminal history score and his status as a career offender, they should be subject to the rule of Blakely, not excepted from it. Thus, because none of the facts supporting the criminal history calculations or the career offender determination were alleged in the indictment or admitted by the defendant at the plea, he could not be assigned any criminal history points, and he could not be found to be a career offender.

"The absence of either an admission or a jury finding violates the defendant's "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." 124 S.Ct. at 2536.

It is clear from the dissenting opinions in Blakely and from a review of the original federal statutory sentencing provisions and of congress's subsequent involvement in amending the Guidelines that the federal guidelines are subject to the

11

holding in Blakely.

As stated below, after Blakely the only enhancements that can be applied to increase a defendant's sentence consistent with the defendant's Fifth and Sixth Amendment rights are those that have been included in the indictment against the defendant and either found by a jury beyond a reasonable doubt or admitted by the defendant as part of the plea.

The following enhancements included by the probation officer and adopted by the court were in violation of the Sixth Amendment:

(1) The finding of quantity (1.5 Kilograms).  (Level 38)

(2) The finding of defendant as a Career Offender.  (Category 6 Level 38)

(3) The Enhancement for Supervisor, Manager, Leader Role.  (2 Points)

(4) The upward departure of Supervised Release from 10 years to 15 years.  (5 Additional years supervised release)

Because these are facts that are seperate from the fact of a prior conviction, Blakely requires that they have been charged in the indictment or admitted by "Thomas" as part of the factual proffer in this case before they could be used to enhance his sentence. And because these procedures were not followed, the district court imposed a sentence upon the defendant in violation of his rights under the Fifth and Sixth Amendments.

"The absence of either an admission or a jury finding violates the defendant's federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his punishment." 124 S.Ct. at 2536.

12

## CONCLUSION

In sum, applying <u>Blakely</u> to defendant's case, subtracting all the additional enhancements by the probation officer and the district court, defendant should be placed in Category II Level 29, minus the three points for exceptance of responsibility, which calls for a sentence of 97-121.

For all the foregoing reasons, defendant Jeffrey Thomas respectfully request that this Honorable Court take notice of the above adjudicative facts.

Date 12/29/04

Respectfully Submitted,

Jeffrey Thomas
Reg. No. 14316-014
F.C.I. Allenwood
Post Office Box 2000
White Deer, PA 17887

# PROOF OF SERVICE

I, Jeffrey Thomas, certify that on December 29, 2004, 200___ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

U.S. Attorney's Office
Federal Building-U.S. Courthouse
915 Lafayette Blvd.
Bridgeport, CT. 06604

## PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the Clerk Of Court, 915 Lafayette Blvd. Bridgeport, CT 06604. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this 29th. day of December, 2004.

Name: _____
Number: 14316-014

---

[1] Pleadings of prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v. Lack, 487 U.S. 266 (1988).