IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

        Respondent.

v.                                            Case No: 3:01CR179(SRU)

JEFFREY THOMAS,

        Petitioner.

PRO SE MOTION FOR MODIFICATION OF SENTENCE

PURSUANT TO 18 U.S.C. §§ 3582(c)(2)

NOW COMES, the petitioner, appearing pro se in the above matter, respectfully requesting that the Honorable Court grant this, his Motion for Modification of Sentence pursuant to §§ 3582(c)(2) and would show the Court as follows:

FACTUAL BACKGROUND

The petitioner was charged with violations of 21 U.S.C. § 841(a)(1)(A)(iii) and 21 U.S.C. § 841(b)(1)(B)(ii) in conjunction with 21 U.S.C.§ 846.

The petitioner pled guilty to Count One of the Superseding indictment. Accordingly, the defendant was adjudged guilty of Count One; Conspiracy to Possess with Intent to Distribute 50 Grams or more of Cocaine Base and 500 grams of cocaine.

The petitioner was then sentenced to two hundred and sixty months of imprisonment to be followed by fifteen years of supervised release on April 18, 2002.

### ARG. I. THE PETITIONER CONTENDS THAT THIS COURT HAS THE AUTHORITY TO REDUCE THE PETITIONER'S BASE OFFENSE LEVEL BY TWO LEVELS PURSUANT TO THE U.S. SENTENCING COMMISSION'S AMENDMENT #706

The petitioner contends that he is entitled to a new sentence reduction pursuant to the U.S. Sentencing Guideline Amendment #706. The U.S. Sentencing Commission on November 1, 2008, amended USSG § 1B1.10(a), which is also 'advisory' in nature as well as USSG § 2D1.1, which became effective on March 3, 2008 and made retroactively applicable to eligible persons sentenced before November 1, 2007.

As previously mentioned in the procedural background and/or facts of this case, the petitioner was sentenced to a term of 262 months to be followed by 15 years of supervised release based upon a judicial finding by the Court and the presentence report, which resulted in a Level 38 and a mandatory guideline range of 235-292 and a mandatory minimum of 240 months based upon an § 851 enhancement.

The petitioner would ask the court to address the mandatory nature of the 'crack' guidelines which are now advisory pursuant to both, Booker, 543 US 220 (2006), and Kimbrough v. United States, 2007 U.S. LEXIS 13082, **35-36 (2007). Booker gave the court discretion to impose a sentence below the applicable guideline range, which in the instant case was mandatory and failed to consider any § 3553(a) factors as a matter of procedure and also treated the crack ratio as 100 to 1, which increased the petitioner's penalty.

The amendments are intended as only "interim" and incomplete fixes associated with the 100 to 1 ratio and the policy statements are advisory only and as such are not perfect; therefore, the Court should make an independent assessment under § 3553(a) and pursuant to the district court's authority under Booker, Rita, and Gall.

The petitioner anticipates the Government's response as opposing any Booker benefits and/or § 3553(a) benefits, but the instant action is not a Booker motion, it is a motion pursuant to § 3582(c)(2) due to an amendment which subsequently lowers the guideline range; therefore, the petitioner is entitled to a new sentence allowing him to be resentenced to the 'guidelines in effect' at the time of resentencing which would be the now advisory guidelines.

This case presents the court with two questions. First, it requires the court to decide whether § 3582(c)(2) proceedings fall within the scope of Booker. Second, if they fall within Booker's ambit, it raises the question of whether policy statements by the Sentencing Commission nonetheless preclude the application of Booker to § 3582(c)(2). Because Booker abolished the mandatory application of the guidelines in **all contexts,** and because reliance on its holding is not inconsistent with any applicable policy statement, the Court must hold that Booker applies to § 3582(c)(2) proceedings. See United States v. Hicks, 472 F.3d 1167 (Cir. 2008). This allows the district court to recalculate the sentencing range using the newly reduced Guideline, and then determine the appropriate sentence in accordance with the § 3553(a) factors. The open question is whether the district court' new guideline calculation imposes a mandatory sentencing range or an advisory one. The clear language of Booker makes the range advisory. The Supreme Court has now explicitly held that district courts must "begin all sentencing

proceedings by <u>correctly</u> calculating the applicable Guideline range." Gall v. United States, 2007 WL 4292116.; therefore, if the court resentences the petitioner to pre-amendment cocaine base guidelines, it would be in error.

WHEREFORE, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that the Honorable Court grant this, his Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582.

Respectfully,

Date: 12 April 2008

Jeffrey Thomas

# PROOF OF SERVICE

I certify that on **25 April 2008** (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

U.S. ATTORNEY'S OFFICE
FEDERAL BUILDING & U.S. COURTHOUSE
915 LAFAYETTE BLVD.
BRIDGEPORT, CONNECTICUT 06604

CLERK,
FEDERAL BUILDING
915 LAFAYETTE BLVD
BRIDGEPORT, CT. 06604

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on **25 April 2008** for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: **25 April 2008**