UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:01CR179 (SRU) |
| | : | |
| JEFFREY THOMAS | : | JUNE 24, 2008 |

**GOVERNMENT'S RESPONSE TO MOTION FOR
MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On or about April 28, 2008, Jeffrey Thomas filed a pro se motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c). According to the United States Probation Office,, Thomas is eligible for release on December 29, 2020.

**I.     Background**

On or about January 4, 2002, the defendant pleaded guilty to count one of a superseding indictment with possessing with intent to distribute 50 grams or more of cocaine base/crack cocaine. In pleading guilty, the defendant entered into a written plea agreement. In that agreement, the defendant stipulated and agreed that the amount of cocaine base for which he was responsible was 1.5 kilograms or greater and that the defendant's applicable Sentencing Guidelines was at a range of 360 months to lifetime imprisonment and a fine range of $20,000 to $200,000. The parties agreed that the quantity cocaine base/crack cocaine in furtherance of the jointly undertaken criminal activity in count one of the superseding indictment and which was reasonable foreseeable in connection with that criminal activity was 1.5 kilograms (yielding a base offense level of 38) and that a two level enhancement for role was also applicable. With a three level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, Thomas' total offense level was agreed to be 37. A total offense level

37 with a Criminal History Category VI yielded a range of 360 to life (sentencing table) and a fine range of $20,000 to $200,000 (U.S.S.G. § 5E1.2(c)(3)).

The Presentence Report concurred that the defendant faced a sentencing range of 360 months to lifetime incarceration. The Report calculated the defendant's base offense level under U.S.S.G. §§ 2D1.1(c)(1), at 38, based on a quantity of 1.5 kilograms or more. (PSR ¶ 24), Two levels were added since the defendant exercised supervision over at least two codefendants. U.S.S.G. § 3B1.1(c). (PSR ¶ 27). As such, his adjusted offense level was 40. PSR ¶ 30.[1] Three levels were subtracted under U.S.S.G. § 3E1.1, for acceptance of responsibility resulting in a total offense level of 37. PSR ¶ 32   The defendant was calculated to be in Criminal History Category V; however, the defendant was placed Criminal History Category VI since he was a Career Offender as defined in U.S.S.G. § 4B1.1(b). PSR ¶ 43. With a total offense level 37 and a Criminal History Category VI, the sentencing range was 360 months to life. PSR ¶ 65.[2] As also noted in the Presentence Report, with the filing of the Section 851 Notice, the defendant faced a mandatory minimum sentence of 20 years. See PSR ¶ 5, 65.

On May 2, 2002, this Court imposed sentence. The Court adopted both the factual statement and guideline applications in the presentence report without change. The Court then departed to Criminal History Category III pursuant to U.S.S.G. § 4A1.3, yielding a revised range of 262 to 327

---

[1]The PSR noted that, based on his prior convictions in 1993 and 1998, Thomas was a career offender which would have placed his offense level at 37 had the offense level as calculated under Chapter 2 not been higher. PSR ¶ 31.

[2]It should be noted that the defendant stipulated, and the Probation Office agreed (PSR ¶ 25), that the amount of crack involved in the conspiracy attributable to Thomas was in excess of 1.5 kilograms which, at the time, was the greatest quantity of crack cocaine allowable under the drug quantity table.

months. The Court imposed a sentence at the bottom of that range of 262 months incarceration.[3] The Probation Office calculates that the sentence of imprisonment represented a 27.2% departure from the bottom of the otherwise applicable guideline range.

No appeal was taken. On March 12, 2003, Thomas filed a petition to vacate his judgment and conviction pursuant to 28 U.S.C. § 2255. That petition was summarily denied by this Court on January 24, 2008.

**II.     Legal Framework**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[4] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below,

---

[3] The Court also departed upward as to supervised release, placing the defendant on a term of 15 years of supervised release following his release from prison.

[4] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) effective March 3, 2008.

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The Court may act on this motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly

4

provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). <u>See</u>, <u>e.g.</u>, <u>Anderson v. United States</u>, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is <u>not</u> required") (emphasis in original); <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); <u>United States v. Tidwell</u>, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

### III.    **Application of the Crack Retroactivity Amendment to Lewis**

In this case, while the defendant was a career offender under U.S.S.G. § 4B1.1, his total offense guideline was, in fact, calculated pursuant to U.S.S.G. § 4B1.1(b) to be 40 since it was greater than the offense level (37) as calculated under the Offense Statutory Maximum Table. Thus, since his offense level was calculated, in part, by virtue of the fact that the offense involved over 1.5 kilograms of cocaine base, Thomas is technically eligible for a reduction in his sentence since his base offense level would now be 35. With two levels added for role and three levels subtracted for acceptance of responsibility, Thomas revised guideline range is 292-365. According to the Probation Office, from the defendant's original guideline calculation of 360 months to life to 262 months (which was the sentence imposed by the Court) represented a 27 percent departure from original guideline range.

Applying the same 27 percent departure to the bottom of the revised guideline range would result in a 78 months reduction, yielding a sentence of 213 months. However, given the applicable 20 year mandatory minimum, the reduction authorized by the retroactive amendment to the crack cocaine guidelines is limited to a sentence of 240 months. See U.S.S.G. § 5G1.1(b); see also, e.g., United States v. Reynolds, 2008 WL 2415048 at *1 (S.D. Miss. Jun. 11, 2008)

Accordingly, the Government does not object to the Court entering an amended judgment reducing the defendant's term of incarceration from 262 months to 240 months to take into account the extent of the departure permitted by law from the defendant's original guideline range.[5]

        Respectfully submitted,

        NORA R. DANNEHY
        ACTING UNITED STATES ATTORNEY

        /s/

        ANTHONY E. KAPLAN
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. ct08083
        157 CHURCH STREET, 23d FLOOR
        NEW HAVEN, CONNECTICUT 06510
        (203) 821-3700

---

[5] The Government would note that, according to the Addendum, the Bureau of Prisons has advised that the defendant is "maintaining clear conduct, preparing for release, and otherwise occupying his time productively through recreation and leisure activities." According to records obtained by the Government, Thomas was disciplined in September 2007 for lying or making a false statement and gambling, in September 2004 for being absent from assignment, and in June 2004 for interfering with staff.

**CERTIFICATION**

  I hereby certify that on June 24, 2008, a copy of foregoing Government's Response to Motion for Modification of Sentence was filed electronically and served by mail on anyone unable to accept electronic filing (Jeffrey Thomas, No. 14316-014, FCI Allenwood Medium, PO Box 2000, White Deer, PA 17887). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

           __/s/_____
           ANTHONY E. KAPLAN
           ASSISTANT U.S. ATTORNEY